■ EDWARD PARDOCCHI, Respondent, v. NATIONAL CASUALTY COMPANY, Appellant.— In an action by an insured against an insurer to obtain weekly sickness benefit payments under a policy of group insurance, the insurer, by permission of this court, appeals from an order of the Appellate Term, made January 22, 1960. Said order affirms a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Seventh District, dated September 11, 1959, entered after a nonjury trial, in favor of the plaintiff. Order affirmed, with costs. In our opinion it was properly determined, both on trial and on appeal to the Appellate Term, that within the meaning of the policy the loss for which plaintiff now makes claim against defendant was caused by sickness for which he, the plaintiff, was not entitled to any benefits under "any Workmen's Compensation or Occupational Disease Act or Law" while the certificate of insurance issued to plaintiff was in effect. Although such sickness may have resulted from an accident which occurred prior to the time when the certificate was issued to plaintiff, there is no proof that the policy excluded coverage for such loss, and the certificate of insurance issued to plaintiff indicates that the policy did not. Nolan, P. J., Pette and Brennan, JJ., concur; Beldock and Christ, JJ., dissent and vote to reverse the order of the Appellate Term and the judgment of the Municipal Court, and to dismiss the complaint, with the following memorandum by Christ, J., in which Beldock, J., concurs: The plaintiff, to whom defendant had issued a certificate giving him insurance coverage on the basis of the group policy that defendant had issued previously to his employer, claims that his illness is included in such coverage. The issue turns on the paragraph in the certificate which states that the policy provides benefits: (1) "for loss resulting from accidental bodily injury which does not arise out of or in the course of any occupational employment for wage or profit * * * and causing loss commencing while this certificate is in effect"; and (2) "for loss caused by sickness for which the insured is not entitled to benefits under any Workmen's Compensation or Occupational Disease Act or Law and which causes loss commencing while this certificate is in effect". Plaintiff made two written claims for loss. The first, dated May 14, 1959, is for a period commencing May 6, 1959. The physician's statement annexed to it is to the effect that the sickness or injury for which the claim is made is "Myositis Back Ruptured Disc"; that the condition developed in 1953 while plaintiff was a New York City policeman; that it arose out of such employment; that plaintiff has been continuously unable to work since May 6, 1959; that the time when he could return to work was "indefinite," that he "has above condition on [and] off since 1953," and that "at time of attack" he "becomes totally disabled." The second claim, dated July 10, 1959, recites that plaintiff quit work July 7, 1959. The physician's statement annexed to it describes the sickness or injury as "Ruptured Disc intervertebral" and, under "Remarks", has the notation "N. Y. C. P. D. 1953." As the evidence in the record shows, plaintiff had a fall and ruptured an intervertebral disc in 1953 in the course of performing his duties in the motorcycle squad of the New York City Police Department. On account of that injury he was retired from the police force on a retirement allowance which includes the permanent disability pension of the city. It will be noted that the policy certificate paragraph in question excludes two kinds of loss: the one arising from certain accidental bodily injury and the other arising from sickness for which benefits are payable

under a workmen's compensation or occupational disease statute. The loss for which claim is made here is not from sickness as distinguished from bodily injury. It is clearly a loss arising out of the bodily injury sustained in the fall from the motorcycle while employed by the city, and the plaintiff has so represented both in his proof of claim and in his oral examination. The effective date of the policy certificate is November 1, 1958, but injury to which the loss is attributed occurred five years before, in 1953. To permit a recovery here casts a burden upon the company which it did not assume and which it specifically excluded in its policy.